# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUTUMN LIGHT HOSPICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-0178-M |
| ) | |
| KATHLEEN SEBLIUS, ) | |
| Acting Secretary of the United States ) | |
| Department of Health and Human Services, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed May 12, 2009. On June 1, 2009, Plaintiff, Autumn Light Hospice, filed its response.

I.  Introduction

Plaintiff, Autumn Light Hospice, is a Medicare certified hospice provider that provides hospice to eligible terminally ill Medicare patients and their families. The Medicare program, established under Title XVIII of the Social Security Act, is a federally funded insurance program for the elderly and the disabled. Under 42 U.S.C. § 1395f(I), hospice providers are paid by Medicare in the "amount equal to the costs which are reasonable and related to the cost of providing hospice care." 42 U.S.C. § 1395f(i)(1)(A). The statute also provides that "[t]he amount of payment made under this part for hospice care provided by . . . a hospice program for an accounting year may not exceed the 'cap amount' for the year." 42 U.S.C. § 1395f(i)(2)(A). If the payment amount exceeds the cap amount, the hospice provider must refund the overpayment to Medicare. 42 C.F.R. § 418.308(d).

On September 25, 2008, Medicare made a demand for repayment to Plaintiff in the amount of $250,723.00 based upon its calculations for fiscal year 2006. The demand repayment was

calculated pursuant to 42 C.F.R. § 418.309(b), which provides a detailed method for calculating the cap amount. On October 2, 2008, Plaintiff submitted both a request for an Extended Repayment Plan and its first installment payment to Medicare for consideration.

On November 26, 2008, Plaintiff filed an appeal of the cap determination to the Provider Reimbursement Review Board ("PRRB") challenging the validity of 42 C.F.R. § 418.309(b), as well as the accuracy of the demand repayment amount calculated under the allegedly invalid regulation. On December 12, 2008, pursuant to 42 U.S.C. § 1395oo(f)(1), the PRRB found expedited judicial review appropriate because the PRRB lacked the authority to decide the legal question of whether the regulation was valid.

Subsequent to the PRRB's finding, Plaintiff filed its Complaint for Declaratory and Injunctive Relief in this Court on February 13, 2009. Plaintiff seeks a declaration and order that Medicare regulation 42 C.F.R. § 418.309(b) is invalid; that Medicare be enjoined from using the regulation to calculate cap liability for Plaintiff or any other hospice; that Medicare's prior calculations of Plaintiff's cap amounts pursuant to 42 C.F.R. § 418.309(b) for fiscal year 2006 are invalid; and that Medicare restore to Plaintiff all sums paid on demands based upon the invalid regulation.

Defendant moves to dismiss the case contending that this Court lacks subject matter jurisdiction because Plaintiff has not exhausted its administrative remedies. Specifically, Defendant alleges that because Plaintiff has not exhausted its administrative remedies through the PRRB, the PRRB did not make a decision as to the merits of the reimbursement claim, and therefore, Plaintiff fails to satisfy the injury in fact requirement of Article III standing. At this stage, the sole issue before the Court is Plaintiff's ability to challenge the regulation in this Court. The Court need not

2

address the validity of 42 C.F.R. § 418.309(b) or the demand amount Plaintiff may owe Defendant.

II.     Standard of Review

An action must be dismissed at any stage of the proceedings in which it becomes apparent that subject matter jurisdiction is lacking. *Penteco Corp. Ltd. Partnership-1985A v. Union Gas System Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "[S]tanding is jurisdictional in nature," *Alexander v. Anheuser-Busch Cos.*, 990 F.2d 536, 538 (10th Cir. 1993), and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof . . . with the manner and degree of evidence required at the successive stages of litigation." *State of Utah v. Babbit*, 137 F.3d 1193, 1204 (10th Cir. 1998) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

At the motion to dismiss stage of litigation, a facial attack on the complaint challenges the sufficiency of the complaint, and a district court must accept the allegations in the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A factual attack, on the other hand, goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. *Id.* at 1003. A factual attack requires a court to look beyond the complaint and provides a court with wide discretion "to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.*

In this case, Defendant has asserted a facial attack as to the Court's subject matter jurisdiction over Plaintiff's Medicare claim. The Court, therefore, will address the issue of standing accepting all of the allegations in the complaint as true.

III. Discussion

Standing under Article III of the Constitution is limited to "actual cases or controversies." *Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1115 (10th Cir. 2008) (citing *Raines v. Byrd*, 521 U.S. 811 (1997)). The Tenth Circuit has stated:

> To demonstrate Article III standing . . . the plaintiff must have suffered an 'injury in fact'–an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1223-24 (10th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)).

Defendant argues that "absent the PRRB's review, Plaintiff has not suffered and lacks an 'injury in fact,'" and therefore, fails to establish the Article III standing requirements. *See* The Secretary's Motion to Dismiss for Lack of Subject Matter Jurisdiction at 7. After reviewing the parties' submissions and accepting the allegations in the complaint as true, the Court finds that Plaintiff has pled sufficient facts to satisfy the Article III standing requirements.

First, Plaintiff satisfies the injury in fact requirement because the demand repayment amount of $250,723.00, based on the allegedly invalid calculations of 42 C.F.R. § 418.309(b), is not conjectural or hypothetical, but rather is the concrete and particularized actual amount Plaintiff is currently repaying to Defendant.

The Court finds that Plaintiff has also demonstrated a causal connection between the injury and the conduct of which it complains. The allegedly invalid regulation, and Defendant's

subsequent application of calculation methods to Plaintiff's fiscal year 2006, is fairly traceable to Plaintiff's asserted demand repayment injury of $250,723.00. Plaintiff also satisfies the redressability prong of standing because a favorable decision by this Court, a finding that the regulation is invalid, prevents application of the regulation to Plaintiff and, thus, Plaintiff suffers no injury.

Finally, while this Court lacks authority to determine the demand amount pursuant to the regulation, the Court finds that judicial review of the validity of the regulation by this Court is proper. 42 U.S.C. § 1395oo(f)(1) provides the following:

> Providers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines (on its own motion or at the request of a provider of services as described in the following sentence) that it is without authority to decide the question, by a civil action commenced within sixty days of the date on which notification of such determination is received. . . . Such action shall be brought in the district court of the United States for the judicial district in which the provider is located.

42 U.S.C. § 1395oo(f)(1).

In this case, the PRRB determined that the validity of the regulation was a question of law relevant to the matter in controversy and that expedited judicial review of the validity of the regulation was necessary. *See* Complaint for Declaratory and Injunctive Relief and For Sums Due Under the Medicare Act at ¶ 8. Therefore, the Court finds that based on the PRRB's determination, Plaintiff was under no requirement to exhaust administrative remedies before filing the instant action.

IV.     Conclusion

For the foregoing reasons, the Court DENIES The Secretary's Motion to Dismiss For Lack of Subject Matter Jurisdiction [docket no. 10].

**IT IS SO ORDERED this 12th day of March, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE