IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AUTUMN LIGHT HOSPICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-178-M |
| | ) | |
| KATHLEEN SEBELIUS, Secretary of | ) | |
| the United States Department of | ) | |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are Plaintiff's Brief in Chief, Defendant's Brief in Chief, Plaintiff's Response to Defendant's Brief in Chief and Defendant's Response to Plaintiff's Brief. The administrative record has also been filed. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff Autumn Light Hospice ("plaintiff") is a provider of hospice care and brought this action for declaratory and injunctive relief with respect to sums the Secretary of the United States Department of Health and Human Services ("defendant") deemed have been overpaid.

The Medicare program, established under Title XVIII of the Social Security Act, is a federally funded insurance program for the elderly and the disabled. In 1982, Congress amended the Medicare statute to provide coverage for hospice care for terminally ill beneficiaries. The hospice benefit was designed to provide patients who are terminally ill with comfort and pain relief, as well as emotional and spiritual support, generally in a home setting. Final Rule providing Medicare Hospice Coverage, 48 Fed. Reg. 56,008 (Dec. 16, 1983). Under 42 U.S.C. § 1395f(i),

1

hospice providers are paid by Medicare in the "amount equal to the costs which are reasonable and related to the cost of providing hospice care." 42 U.S.C. § 1395f(i)(1)(A). The statute also provides that "[t]he amount of payment made under this part for hospice care provided by . . . a hospice program for an accounting year may not exceed the 'cap amount' for the year." 42 U.S.C. § 1395f(i)(2)(A). If the payment amount exceeds the cap amount, the hospice provider must refund the overpayment to Medicare. 42 C.F.R. § 418.308(d). Under the hospice benefit, Medicare pays a hospice provider a predetermined fee for each day that an eligible patient receives services. There are limits on the time period for services as well as the total amount of Medicare funds which can be paid for any beneficiary. 42 U.S.C. § 1395f(i)(2)(C).

In 1983, Medicare published rules purporting to implement the cap amount. 42 C.F.R. § 418.309(b). The final Medicare regulation concerning the cap states:

> Each hospice's cap amount is calculated by the intermediary by multiplying the adjusted cap amount determined in paragraph (a) of this section by the number of Medicare beneficiaries who elected to receive hospice care from that hospice during the cap period. For purposes of this calculation, the number of Medicare beneficiaries includes -
> (1) Those Medicare beneficiaries who have not previously been included in the calculation of any hospice cap and who have filed an election to receive hospice care, in accordance with § 418.24 from hospice during the period beginning on September 28 (35 days before the beginning of the cap period) and ending on September 27 (35 days before the end of the cap period).
> (2) In the case in which a beneficiary has elected to receive care from more than one hospice, each hospice includes in its number of Medicare beneficiaries only that fraction which represent the portion of a patient's total stay in all hospices that was spent in that hospice. . .

42 C.F.R. § 418.309(b)(i)-(2).

In 1997 the Medicare Act was amended to provide care for certified beneficiaries for as long

2

as they live. 42 U.S.C. § 1395(d)(a)(4)(d)(1). With this amendment, the length of stay per patient increased and the resulting effect of the regulation resulted in Medicare demanding significant sums from providers which had been allegedly overpaid.

On September 25, 2008, pursuant to 42 C.F.R. § 418.309(b), Medicare made a demand for repayment to plaintiff in the amount of $250,723.00 based upon its calculations for fiscal year 2006. Plaintiff asserts that the Medicare regulation governing calculation of the cap, 42 C.F.R. § 418.309(b), is contrary to the plain language of section 1814(i)(2)(C) of the Medicare Act (codified at 42 U.S.C. § 1395f(i)(2)C), is arbitrary and capricious, and amounts to unlawful taking of private property for public use without just compensation in violation of the Fifth Amendment of the United States Constitution and that it has been severely prejudiced by Medicare's refusal to adhere to the statute. It remains uncontested that the $250,723.00 demand for fiscal year 2006 arose from calculations made by using the implementing regulation. In this action, plaintiff seeks a declaration and order that Medicare regulation 42 C.F.R. § 418.309(b) is invalid. Plaintiff also seeks to vacate the regulation and enjoin Medicare from using the regulation to calculate cap liability for Autumn Light or any other hospice and the restoration of all sums paid by plaintiff pursuant to demands based upon the implementing regulation with interest.

II.  Subject Matter Jurisdiction

In response to plaintiff's brief in chief, defendant argues the Court lacks subject matter jurisdiction to consider the constitutionality of 42 C.F.R. § 418.26. Defendant contends the constitutional argument made by plaintiff in its complaint and before the Provider Reimbursement Review Board (" PRRB") only referenced the constitutionality of 42 C.F.R. § 418.309(b). Defendant contends plaintiff not only failed to request the PRRB to grant expedited judicial review

3

on the constitutionality of 42 C.F.R. § 418.26 but also failed to raise a constitutional argument referencing this regulation in its complaint. Defendant argues that because plaintiff failed to raise the constitutionality of 42 C.F.R. § 418.26 before the PRRB plaintiff has failed to exhaust its administrative remedies as to the constitutionality of 42 C.F.R. § 418.26 and the Court lacks subject matter jurisdiction over this issue. Plaintiff does not dispute it failed to raise before the PRRB the constitutionality of 42 C.F.R. § 418.26.

The Social Security Act, in particular 42 U.S.C. § 1395oo(f)(1) grants Medicare providers "the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to matters in controversy whenever the [Provider Reimbursement Review Board] determines . . . that it is without authority to decide the question . . . ." 42 U.S.C. § 1395oo(f)(1). The statute permits expedited judicial review when the amount in controversy is $10,000 or more. It is clear from the evidence that plaintiff's request for expedited review does not reference the constitutionality of 42 C.F.R. § 418.26. Plaintiff's request specifically challenges the validity of 42 C.F.R. § 418.309(b). Therefore, the Court finds plaintiff has failed to exhaust its administrative remedies as to the constitutionality of 42 C.F.R. § 418.26, and, thus, the Court lacks subject matter jurisdiction on this issue.

III. Judicial Review of Agency Regulation

Judicial review by a federal district court of agency regulations was specifically provided for by Congress under 42 U.S.C. § 1395oo(f)(1). Congress also required that judicial review be governed by the applicable provisions for judicial review under the Administrative Procedure Act (APA).

The legal issue before the Court is the validity of the cap calculation method described in 42

C.F.R. § 418.309(b).[1] Plaintiff asserts that defendant's implementing regulation, 42 C.F.R. § 418.309(b), is invalid on its face, contrary to Congress' express statutory mandate and therefore must be set aside. Title 42 U.S.C. § 1395f(i)(2)(C) provides that the number of hospice beneficiaries in an accounting year are to be reduced to reflect the proportion of hospice care any beneficiary was provided in a previous or subsequent accounting year by another hospice program; whereas, the implementing regulation provides that when a hospice patient is served in two accounting years only the initial year of service is counted for purposes of the annual Medicare hospice provider cap. Specifically the statute states:

> For purposes of subparagraph (A), the "number of Medicare beneficiaries" in a hospice program in an accounting year is equal to the number of individuals who have made an election under subsection (d) of this section with respect to the hospice program and have been provided hospice care by (or under arrangements made by) the hospice program under this part in the accounting year, such number reduced to reflect the proportion of hospice care that each such individual was provided in a previous or subsequent accounting year or under a plan of care established by another hospice program.

42 U.S.C. § 1395f(i)(2)(C).

Plaintiff seeks a declaration that the regulation regarding the calculation of hospice cap is invalid, a declaration that Medicare's prior calculation of plaintiff's cap liability for fiscal year 2006

---

[1] The Court notes the validity of this regulation has been reviewed by numerous courts around the country. See *Compassionate Care v. Kathleen Sebelius,* Case No. CIV-09-28-C (W.D. Okla.); *Autumn Bridge v. Kathleen Sebelius,* Case No. CIV-09-1920-F (W.D. Okla.); *Heart to Heart Hospice Inc. v. Michael O. Levitt*, Case No. CIV-07-289-MD (N.D. Miss.); *Los Angeles Haven Hospice v. Michael O. Leavitt*, Case No. CIV-08-4469-GW (C.D. Cal.); *American Hospice, Inc. v. Kathleen Sebelius,* Case No. CIV-08-1879-JEO (N.D. Ala.); *Sojourn Case, Inc. v. Michael O. Leavitt*, Case No. CIV-07-375-GKF (N.D. Okla.); *Tri-County Hospice, Inc. v. Kathleen Sebelius*, Case No. CIV-08-273-RAW/CIV–09-407 RAW (Consolidated) (E.D. Okla.); *Lion Health Services, Inc. v. Kathleen Sebelius*, Case No. CIV-09-493-A (N.D. Tex.); and *Hospice of New Mexico, LLC v. Kathleen Sebelius,* CIV-09-145-RB (D.N.M.).

is invalid, an order requiring Medicare to return any overpayment for fiscal year 2006 with interest and a nationwide injunction against Medicare's further use of the invalid regulation as to any hospice, and its legal fees and costs. Defendant contends the regulation method of calculating the annual Medicare Hospice cap is a reasonable interpretation of an ambiguous statute and the Secretary's interpretation is entitled to deference as the regulation achieves the intent of the statute without being burdensome.

The Court's review of this matter is governed by the familiar two pronged analysis for examining the validity of agency regulations set forth in *Chevron v. Natural Res. Def. Council, Inc.,* 467 U.S. 837 (1984). Under *Chevron*, the reviewing court must determine (1) "whether Congress has directly spoken to the precise question at issue" and (2) if not, "whether the agency's answer is based on a permissible construction of the statute." If Congress' intent is clear, the reviewing court is not to give any deference to the Secretary's interpretation, but "must give effect to the unambiguously expressed intent of Congress." *Id.* at 843. *See also Good Samaritan Hosp. v. Shalala* 508 U.S. 402, 418-19 (1993) ("'[w]here, as here, the statute expressly entrusts the Secretary with the responsibility for implementing a provision by regulation, our review is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious.'") (quoting *Heckler v. Campbell*, 461 U.S. 458, 466 (1983)).

After consideration of the plain language of the statute, the Court finds that Congress has spoken directly on the issue and, therefore, defendant's interpretation is afforded no deference. *Chevron*, 467 U.S. at 842-43. The plain language of the statute directs the hospice provider's number of beneficiaries for any given fiscal year is to be "reduced to reflect the proportion of

hospice care that each such individual was provided in a previous or subsequent accounting year." 42 U.S.C. § 1395f(i)(2)(C). To the contrary, the regulation simply assigns the entire amount of a beneficiary's allocation to a single year based solely on the date of admission. Accordingly, the Court declares that 42 C.F.R. § 418.309(b) is invalid.

IV.     Relief Granted

As previously noted, this case is a review of an administrative process, and thus the Court is, as a general rule, prohibited from making factual findings. Accordingly, the Court finds the appropriate course of action is to remand this matter to the PRRB for a determination as to any overpayment liability for fiscal year 2006, if any, as calculated under the statutory terms as opposed to the regulation. Conversely, if under the recalculated reimbursement cap, plaintiff is found to have exceeded its annual cap and to owe money in excess of that which it has already repaid, then defendant may issue a modified repayment demand for fiscal year 2006 under the statutory process. In the event plaintiff was not overpaid, defendant shall return the amounts plaintiff has already repaid with interest. The Court will administratively close this matter pending completion of the PRRB process. Upon completion of that process, either party may move to reopen this case for further proceedings, as necessary. The Court finds plaintiff's request for legal fees and costs premature and thus denied. As to plaintiff's request for a nationwide injunction, assuming that the Court could enjoin the regulation as applied to plaintiffs nationally, the undersigned would not do so in this action due to a combination of circumstances unique to this action. Additionally, only the

2006 fiscal year calculation as to plaintiff is referred to in the complaint and is the subject of this action[2].

V.     Conclusion

For the reasons set forth in detail above, the Court finds: it has subject matter jurisdiction over this case; 42 C.F.R. 418.309(b) is invalid; defendant is enjoined from further application of the regulation to plaintiff relative to FY 2006 and prohibited from collecting any further overpayment reimbursement that is or has been calculated based on the regulation. This matter is remanded to the PRRB for determination of the amount of overpayment, if any, based on application of the statute rather than the regulation. This matter will be administratively closed pending the determination by the PRRB and may be reopened by either party, if necessary, at the conclusion of that process.

**IT IS SO ORDERED this 12th day of January, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff's request for a nationwide injunction against Medicare's further use of 42 C.F.R. § 418.309(b) is denied.